Dr. Antonio Navas Torres, Plaintiff and Appellee, *v.* Aetna Casualty and Surety Company, Defendant and Appellant.

No. 4622. Argued November 14, 1929.—Decided June 16, 1930.

*A. Porrata Doria* for appellant.   *R. G. Sugrañes* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

In this case the defendant was adjudged by the district court to pay to the plaintiff the sum of $475 claimed by the latter for services rendered in his capacity as a physician and surgeon to Juan Santiago, and the costs of the action. Thereupon the defendant took the present appeal, and in its brief it has assigned seven errors. The first two errors, which may be considered jointly, are the ones setting out the really important question involved in this litigation.

Did the defendant contract with the plaintiff? Did the defendant assume any liability to pay the expenses for medical attendance, given to Juan Santiago?

The trial court, after declaring as proved the facts alleged in the complaint, said in its statement of the case and opinion:

"Rafael Porrata Doria denied under oath in the course of the trial to have acted in regard to this transaction in behalf of the 'Aetna Casualty & Surety Company'; but the court does not believe such testimony as it is in conflict with the acts of the witness in the course of business, in which he acted in behalf of the defendant and paid to the injured party in its name the sum of $500 pursuant to a settlement agreed upon; and, in the opinion of the court, the fact that he paid that sum as coming from the defendant shows that the latter was aware of the acts of its agent and accepted and carried them out according to their purport."

The fact which occasioned the rendering of the services to Santiago was an automobile accident. In August, 1925, at Arroyo, an automobile of the firm of Successors of Tomás

Cano & Co. injured the said Santiago, and the plaintiff, who is a physician and surgeon, attended him for a period of one month and performed two operations on him; one for the purpose of making a suture in the tendons of the patient's right leg which were severed, and the other to amputate finally the said leg.

That the defendant was an insurer of Successors of Tomás Cano and that it contracted through Rafael Porrata Doria for the payment of the damages sustained by Santiago, may be considered as proved; but the evidence as to the fact that the powers of Porrata Doria, even when considered as an agent, extended beyond the settlement made with the injured party, is not sufficient. The plaintiff ought to have been more cautious, if he intended to collect the value of his services from a concern which was a stranger as to him. The person primarily responsible was the injured party; then the party who caused the injury, and in the last resort the insurer. In order to reach the latter, it would have been necessary to go through a series of relationships, the existence of which must be alleged and proved. That the company paid the five hundred dollars received by the injured person seems to be true; but, even if this fact could be taken as proved in order to justify a judgment of recovery, it would still be found that it does not duly appear from the record whether the payment was made by the firm of Cano, which caused the injury, or by the insurance company.

When the plaintiff came to San Juan and went to the company's office, he should not have confined himself to talking with Porrata, whom he found there apparently working. He ought to have inquired as to who were the managers of the office and ascertained who acted as agent or agents of the company. His assumption that Porrata was the agent is not sufficient to prove that the latter was such.

Besides, his very dealings with Porrata, according to his own testimony, were not of such a character as to include,

even admitting their certainty, all the elements required by the jurisprudence to make a third person liable for the payment of professional services rendered to another.

In *Lange* v. *Cristy*, 26 P.R.R. 333, this court said:

"Professional men should exercise great care in ascertaining what person is liable for the payment of their services."

That statement was made because it has been established by the decisions that "If the services are rendered to a third person, the plaintiff must as a rule show an express contract." *McClenahan* v. *Keyes*, 188 Cal. 574. In other words: "The general rule is that one who calls upon a physician to render services to another is not liable for those services in the absence of an express agreement to pay therefor."

In order that an implied obligation to pay may arise, the circumstances must be strong to such a degree that the conclusion of liability must imperatively follow as something really evident. In the case at bar, if the evidence is carefully studied, it will be observed that perhaps the attitude of Porrata led the doctor to entertain hopes of being paid and that the doctor probably did conceive them, but that he was fearful of destroying such hopes at the outset by speaking frankly and securing an agreement; and when his case is subjected to the test of adjudication he must inevitably suffer the consequences of his own conduct.

It is unnecessary to consider the other assignments of error. The errors already discussed are sufficient for a reversal of the judgment appealed from and the substitution thereof by another, such as should have been rendered by the district court, in favor of the defendant.

Mr. Justice Hutchison took no part in the decision of this case.